Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50250 | **DATE** | 11/19/2003 |
| **CASE TITLE** | | Hunt vs. Northwest | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendants' motion to dismiss and denies defendants' request for a finding under Illinois Supreme Court Rule 304(a).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 20 2003 | |
| | Notified counsel by telephone. | | date docketed | 71 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 NOV 19 PM 3:30 FILED-WS | NOV 20 2003 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendants, Forest Health Services Corp., Bariatric Treatment Centers of Illinois, d/b/a Bariatric Treatment Centers of Illinois, and Bariatric Treatment Centers of Illinois, d/b/a Bariatric Treatment Center, filed a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (see 735 ILCS 5/2-619 West 2000)), contending that plaintiffs failed to identify the name and address of the health professional who submitted a report pursuant to 735 ILCS 5/2-622 (West 2000). According to defendants, section 2-622(a)(1) provides that the "report shall include the name and address of the health professional" supplying the report. Thus, defendants assert that the section 2-622 report submitted by plaintiffs in this case is deficient.

Initially, the court notes that in a diversity case a federal court applies state substantive law and federal procedural law. See Charter Oak Fire Insurance Co. v. Hedeen Cos., 280 F. 3d 730, 734 (7th Cir. 2002). Accordingly, defendants' motion based on section 2-619 is improper. Nonetheless, the court will consider the motion as one brought pursuant to Fed. R. Civ. P. 12(b)(6).

While the express language relied on by defendants, and contained in the most recent version of section 2-622, does in fact state that the report must include the name and address of the health professional supplying the report, that language was expressly ruled to be unconstitutional on the basis of severability by the Illinois Supreme Court. Best v. Taylor Mach. Works, 179 Ill. 2d 367, 371, 689 N.E. 2d 1057 (1997). Defendants attempt to circumvent the unconstitutional status of that provision by contending the Illinois legislature reenacted the provision when, in 1998, it passed an amendment to section 2-622 that added naprapaths to the identified list of health professionals covered by the statute. In support of this argument, defendants point to the amended version of section 2-622 that contains the unconstitutional language and maintain that it reflects the legislature's intent to reenact the provision regarding the name and address of the reporting health professional.

Defendants' argument fails for several reasons. First, the Illinois Legislature never affirmatively removed the provision from section 2-622 after the Illinois Supreme Court declared it unconstitutional. While it may be assumed that at some point in time the legislature might do so, the fact remains that it had not by the time it amended section 2-622 in 1998, nor has it done so since. Thus, the only version of section 2-622 in existence in 1998 (and today for that matter) contained the provision regarding name and address, albeit an unconstitutional provision. Consequently, the fact the provision was included following the 1998 amendment is of no import.

Additionally, there is nothing in the legislative history behind the 1998 amendment indicating any legislative intent to reenact the unconstitutional provision. The only mention in the floor debates is a brief reference to the naprapath language and a comment that the addition of the naprapath language was "simply all that [the proposed bill] does." Based on the legislative history, there is no evidence the legislature intended to reenact the unconstitutional provision.

Because the court finds the language relied on by defendants has been declared, and continues to be, unconstitutional, the court denies defendants' motion to dismiss on that basis. The court further denies defendants' request for a finding under Illinois Supreme Court Rule 304(a) as that provision has no applicability in this diversity case.