**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KATHY BANKS HUNT and STEVEN HUNT,** | ) ) ) | **Case No. 03 C 50250** |
| **Plaintiff,** | ) ) | **Magistrate Judge** |
| **vs.** | ) ) ) | **P. Michael Mahoney** |
| **NORTHWEST SUBURBAN COMMUNITY HOSPITAL, Inc., FOREST HEALTH SERVICES Corp., BARIATRIC TREATMENT CENTERS OF ILLINOIS d/b/a BARIATRIC TREATMENT CENTER, BARIATRIC TREATMENT SPECIALISTS OF ILLINOIS, S.C., BRIAN BOE, M.D., and KENT HESS, M.D., Defendant.** | ) ) ) ) ) ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

This is a mess. Plaintiffs served defendants with a Request to Admit on August 4, 2004. Responses were provided on September 3, 2004. Then on February 20, 2007, plaintiffs filed their Motion to Deem Facts Admitted, to Strike Certain Answers and For a Ruling on Objections Pursuant to Rule 36 relating to a host of faults with defendants' responses. Plaintiffs' motion challenging defendants' responses comes nearly three years after they were received.

Because plaintiffs' less-than-prompt motion seeks three distinct remedies, the court will address each remedy in turn. However, before getting into the substance of this opinion, the court notes that Local Rule 37.2 is designed to resolve these types of discovery disputes without judicial intervention. The parties and the court would have been better served if these issues were addressed early on through compliance with the local rule.

I.  To Deem facts Admitted:

    A.  Defendants Forest Health, Bariatric Treatment Centers of Illinois & NSCH

Plaintiffs served all of the defendants with the same Request to Admit with one heading addressed to all of the defendants except Dr. Boe and Dr. Hess.  This shotgun approach resulted in defendants taking it upon themselves to join together in various factions in constructing their responses and to have various individuals sign responses on behalf of unrelated parties.  This further led to: 1)  Forest Health's and Bariatric Treatment Centers of Illinois' omission of Northwest Suburban Community Hospital (herein NSCH) from their response;[1] and, 2) Dr. Boe's and Dr. Hess's mistaken belief that the Requests to Admit were also directed to them.  Normally a party sends a request to admit to each party individually and that party responds on its own behalf.

In responding to plaintiff's Request to Admit, defendants Forest Health and Bariatric Treatment Centers of Illinois provided a combined response on September 3, 2004.  Defense counsel for these two defendants also represent NSCH, which never filed a response.  Robert Zinnen, Jr., signed the Response on behalf of Forest Health and Bariatric Treatment Centers of Illinois, yet he is President of NSCH (and an employee of Forest Health).  Defendants claim in their Motion for Leave to Amend that they "inadvertently omitted [NSCH] from their response" and seek leave to add NSCH's name to their response in order to remedy this oversight.  Defendant's Motion to Amend at 1.  It seems quite obvious that their response was intended to be on behalf of NCHS as well as Forest Health and Bariatric Treatment Centers of Illinois, as defense counsel claims.  After all, the subject of the Request to Admit concerns the availability

_____

[1] Defendant's have since filed a Motion to Amend their response which seeks only to add NSCH as a responsive party so as to avoid the harsh penalties plaintiffs seek for NSCH's failure to respond.

2

of equipment, supplies and personnel available at NSCH at the time of plaintiff's injury. Mr. Zinnen, as president of NSCH, would be exactly the kind of person NSCH would have respond on its behalf.

In light of the above, defendant's Motion to Amend will be allowed in part. However, defendants' collective response is unacceptable, as discussed below.

It is clear that Mr. Zinnen is a party as far as Forest Health and NSCH are concerned since he is an employee of the former and the president of the latter. Defendant's Response at 2. Mr. Zinnen's signature on behalf of these entities is appropriate since corporations can only act through their agents, and Mr. Zinnen is an agent of both Forest Health and NSCH. However, it is unclear whether Mr. Zinnen is the appropriate party to be signing on behalf of Bariatric Treatment Centers of Illinois.

Defendants claim that Bariatric Treatment Centers of Illinois did not have any employees at the time of plaintiffs' injury and that "Bariatric Treatment Centers of Illinois is not a functional entity at all; instead it is simply a trade name." Defendants' Response at 2. A defendant may be "functional" or not, and may have had employees at the time of plaintiff's injury or not. That is of little consequence for purposes of determining who signs on its behalf. Bariatric Treatment Centers of Illinois is listed on the docket as a Delaware Corporation. As a corporation, it must have a president or some other agent authorized to sign on its behalf. Based on what the defendants have provided thus far, that person is not Mr. Zinnen and his signature on behalf of Bariatric Treatment Centers of Illinois is inconsistent with the requirements of Federal Rule of Civil Procedure 36.

Plaintiffs claim that since this response was not signed by an attorney pursuant to Rule 36, the court should strike it in its entirety pursuant to Rule 37(c)(2). However, Rule 36 does not

require that responses to requests to admit be signed by attorneys. Rather, it requires that responses be in writing and signed by the party *or* the attorney. Fed.R.Civ.P. 36(a); Baicker-McKee, et al., Federal Civil Rules Handbook, 762 (2007 ed.) (Citing the Advisory Committee Note to Rule 36(a)).

The court hereby strikes the existing collective response and orders defense counsel to provide an amended response *for each individual defendant* within seven days of this order. If the court does not receive three amended responses within seven days which comply with Rule 36, each of the statements in plaintiff's Request to Admit will be admitted against these three defendants.

B. Defendant Bariatric Specialists of Illinois, S.C.

Defendant Bariatric Specialists of Illinois, S.C., (herein BSI) responded to plaintiffs' Request to Admit on September 3, 2004. This Response was signed by Y. Marie Paratto, Esq., Assistant General Counsel of Forest Health, LLC. Ms. Paratto is not an attorney of record in this case, nor is she an employee or an agent of the defendant she signed on behalf of. Therefore, her signature on behalf of BSI is inconsistent with Rule 36 since she is neither the party nor the party's attorney.

Plaintiffs' motion seeks to have the Response Ms. Paratto signed on behalf of Bariatric Specialists of Illinois, S.C., stricken. Defendants have failed to brief this issue, leaving plaintiffs with the last word and the court to speculate as to Ms. Paratto's role with BSI.

The response by Ms. Paratto is stricken and the court grants defense counsel for BSI seven days in which they are to provide a response that complies with Rule 36. If they fail to do so, each of the statements in plaintiff's Request to Admit will be admitted against this defendant.

## II.  To Strike Certain Answers:

Defendants Dr. Boe and Dr. Hess filed responses to plaintiffs' Request to Admit; however, plaintiffs did not direct the Requests to Admit to either of these defendants.  Since Dr. Boe and Dr. Hess responded to discovery requests that were not directed to them, their responses to plaintiffs' Request to Admit are stricken.

## III,  For a Ruling on Objections Pursuant to Rule 36:

### A. Forest Health Service's and Bariatric Treatment Centers of Illinois' Objections:

Forest Health Service's and Bariatric Treatment Centers of Illinois' combined Response to plaintiffs' Request to Admit objected to each request as "vague, ambiguous, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs' Motion, Exhibit 2.  Plaintiffs claim these responses are inadequate, that defendants fail to justify their objections, and that defendants made improper qualifications to their answers. Plaintiffs' motion asks the court to determine the sufficiency of defendant's answers and objections.

Rule 36 requires that if objections to the request to admit are made, "the reasons therefor shall be stated." Fed.R.Civ.P. 36(a).  Since each answer was qualified by boilerplate objections which were not backed up with any reason or justification, the court strikes all of the objections as unfounded.  Defendant's amended answers are not to include objections which are unfounded.

Looking past the unsupported objections, each answer goes on to address the individual request to admit by making admissions or denials.  Defendants often qualified the admissions by pointing out that, although the hospital may not have had certain equipment or staff on premises,

that equipment or staff was nevertheless available to the hospital. This is not an unreasonable qualification of an admission. Rule 36 provides that "when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed.R.Civ.P. 36(a). This is exactly what defendants have done in answering plaintiffs' Request to Admit and the court finds nothing improper about this manner of qualification.

Finally, defendants' response to Request to Admit 8 includes a reference to Cathy O'Brien where Ms. Hunt's name should be. Defendants characterize this as yet another clerical error in their reply. The court expects it to be corrected in the amended responses due within seven days. The defendants shall have no more "clerical errors."


B. Bariatric Specialists of Illinois' Objections:

Bariatric Specialists of Illinois, S.C., (herein BSI) objected to plaintiffs' requests to admit by stating that NSCH is properly the subject of these requests since NSCH manages and maintains the hospital, not BSI. BSI further objected to the relevancy of plaintiffs' requests. BSI's responses go on to admit or deny the substance of the requests, employing the same sort of qualifications employed by Forest Health Services and Bariatric Treatment Centers of Illinois.

There is nothing wrong with the substance of BSI's response. It seems perfectly consistent with Rule 36 in that, unlike Forest Health Service's and Bariatric Treatment Centers of Illinois' objections, BSI's objections are based upon specific reasons which justify the objections. The court will not strike this response based upon its objections. However, as discussed above, this response is stricken due to Ms. Paratto's signature and an amended response is due within seven days.

IV.  Conclusion:

Defendants Forest Health, Bariatric Treatment Centers of Illinois, NSCH, and BSI are each to provide an amended response that complies with Rule 36 within seven days of this order.

If the court does not receive four amended responses within seven days which comply with Rule 36, each of the statements in plaintiff's Request to Admit will be admitted against these defendants.  Dr. Boe's and Dr. Hess's responses are stricken.  Defendants' Motion to Amend is granted in part.

ENTER:  _____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE:  May 22, 2007