IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

KATHY BANKS HUNT and STEVEN HUNT,

    Plaintiff,

vs.

NORTHWEST SUBURBAN COMMUNITY HOSPITAL, Inc., FOREST HEALTH SERVICES Corp., BARIATRIC TREATMENT CENTERS OF ILLINOIS d/b/a BARIATRIC TREATMENT CENTER, BARIATRIC TREATMENT SPECIALISTS OF ILLINOIS, S.C., BRIAN BOE, M.D., and KENT HESS, M.D.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 03 C 50250

Magistrate Judge
P. Michael Mahoney

**FILED**

MAY 3 1 2007

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

On February 21, 2007, Plaintiffs filed the Motion Pursuant to Rule 33 and Rule 37 which is the subject of this order. Plaintiffs' Motion seeks to have the court: 1) evaluate Defendants' answers to Plaintiffs' Interrogatory Five and Request to Produce Thirty-one; 2) apply sanctions against the Defendants by striking all of their pleadings and defenses, entering judgment for the Plaintiffs and awarding Plaintiffs attorney's fees; and, 3) compel Defendants to produce copies of any insurance policies held by Defendants' employees, agents, and apparent agents.

On January 27, 2004, Northwest Suburban Community Hospital, Forest Health Services and Bariatric Treatment Centers of Illinois (herein "Defendants") answered Plaintiffs' interrogatories. Interrogatory Five asked Defendants to "[s]tate whether [each of the Defendants] was named or covered under any policy or policies of medical liability insurance at the time of

1

the care or treatment alleged in the Complaint," and if there was such coverage, to state for each policy the name of the insurance company, the policy number, the effective policy period, and the "maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage." *See* Exhibits 1 - 3 to Plaintiffs' Motion. Defendants answered by identifying AIG (Lexington) as the insurer, policy number 6791536, coverage dates from 10/18/02 through 10/18/03, and maximum liability limits of "$10,000,000 each incident, with excess limits of $10,000,000 per claim/$10,000,000 in the aggregate." *Id.*

Defendants also answered Plaintiffs' Requests to Produce in early 2004. Request to Produce Thirty-one sought production of "any and all policy or policies of medical liability insurance, including umbrella and/or excess coverage held by [defendants]." *See* Exhibits 4, 6, & 8 to Plaintiffs' Motion. Defendants objected to producing the insurance policies, preferring to direct Plaintiffs' inquiry to Defendants' answer to Interrogatory Five. Because the Magistrate Judge determined Defendants' refusal to produce the insurance policies was improper under Fed.R.Civ.P. 26(a)(1)(D), the court compelled Defendants to produce the requested insurance policies, which Defendants did on April 16, 2004. *See* Exhibits 1, 2(a) and 2(b) to Defendants' Response to Plaintiffs' Motion.

Compelling defense counsel to produce the requested insurance policies proves significant because the insurance policies themselves contain critical information that the Defendants failed to disclose in answering Plaintiffs' Interrogatories. The AIG (Lexington) insurance policy states under section V., Limits of Insurance:

> We will be liable only for that portion of damages in excess of the Insured's Retained Limit which is defined as . . . (2) The Self Insured Retention listed on the Schedule of Underlying Insurance, and then up to an amount not exceeding the Each Occurrence Limit as stated in the declarations.

2

Exhibit 2(a) to Defendants' Response to Plaintiffs' Motion at 20. Looking to the Schedule of Underlying Insurance referenced above, it specifically identifies a self-insured retention policy which limits healthcare professional liability at $2,000,000 per occurrence. *Id.* at 30. Plaintiffs claim to have been ambushed by the existence of the $2,000,000 self-retention policy since Defendants did not address it in answering Interrogatory Five and instead led Plaintiffs to believe that the only insurance policy in effect was for $10,000,000.

Interrogatory Five did not ask about self-retention policies; it asked for "maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage." Defendants read that as requiring only the disclosure of the terms of the excess insurance policy, which only kicks in after the first $2,000,000 is paid. That reading is contrary to the plain language of Interrogatory Five. "Maximum liability limits for each person and occurrence, *including* umbrella and excess liability coverage" means total coverage. (Emphasis added). Rather than disclosing the total insurance coverage in answering Interrogatory Five, Defendants disclosed only the umbrella or excess coverage and omitted the fact that the first $2,000,000 would have to come from the Defendants themselves. This was improper. If Plaintiff was left unaware of the self-retention policy, the court would be inclined to sanction Defendants for their failure to disclose Defendants' total coverage as sought by Interrogatory Five.

However, any damage done by Defendants' failure to provide full disclosure of the insurance policies in their answer to Interrogatory Five was alleviated when copies of the insurance policies themselves were produced to the Plaintiffs by order of the court. If there was some question as to the scope of coverage expressly outlined in the insurance policies, Plaintiff had nearly three years in which to conduct discovery into the subject. Having failed to do so, the

3

court will not take up Plaintiffs' call for sanctions since Plaintiff was in possession of the insurance policies which contained the self-retention limits since April of 2004.

Finally, Plaintiffs' Motion makes a half-hearted attempt to gain access to unnamed nurses' insurance policies. However, the court granted Defendants' Motion for Partial Summary Judgment with respect to the nursing staff on September 27, 2006. Further, fact discovery closed on May 13, 2005. Plaintiff has the insurance policies of the Defendants who remain in the case and those are all the insurance policies Plaintiff is going to get.

For the foregoing reasons, Plaintiffs' motion is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/31/07